United States District Court
Southern District of Texas
FILED

SEP 13 2004

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON F. PARFAIT | § | C.A. NO. G-04-215 |
| | § | |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of the |
| SETTOON TOWING, LLC | § | Federal Rules of Civil |
| | § | Procedure – ADMIRALTY |

### DEFENDANT'S OPPOSED MOTION TO TRANSFER VENUE

TO THE HONORABLE SAMUEL B. KENT:

Defendant, Settoon Towing, LLC (hereinafter referred to as "Defendant"), files this Opposed Motion to Transfer Venue pursuant to 28 U.S.C. 1404(a), and would respectfully show this Honorable Court the following:

### I. FACTUAL BACKGROUND

1.  On or about March 31, 2004, Plaintiff, Jason F. Parfait ("Plaintiff") filed his Original Complaint against Defendant in the United States District Court for the Southern District of Texas, Galveston Division. On July 1, 2004, Defendant filed its Original Answer to Plaintiff's Complaint.

2.  Plaintiff's Complaint alleges that he sustained personal injuries on or about February 8, 9 or 10, 2004, while he was working aboard a vessel allegedly owned and/or operated by Defendant. Plaintiff's Complaint does not identify the vessel upon which he was working at the time of the alleged occurrence. Defendant has ascertained that Plaintiff was assigned to the M/V JARRED CENAC from February 5 - 9, 2004. Plaintiff did not work aboard

1

any vessels on February 10, 2004. (See Affidavit of April Granger, ¶ 4, attached hereto as Exhibit "A").

3. In his Complaint, Plaintiff has asserted venue for this admiralty and maritime action in the Southern District of Texas on the grounds that Defendant does business in the Southern District of Texas.

4. At all times material to this lawsuit, Plaintiff is and was a resident of the State of Louisiana. Defendant is a Louisiana corporation with its principal place of business in Pierre Part, Louisiana. In addition, the key witnesses for this lawsuit reside in the State of Louisiana.

5. On or about January 3, 2003, Plaintiff executed a Choice of Forum Agreement, whereby Plaintiff agreed that should a dispute arise during his employment or if he was injured during his employment with Defendant, he would bring suit only in the United States District Court for the Eastern District of Louisiana, such other federal court located in Louisiana where venue is proper, or in the 23rd Judicial District Court for the Parish of Assumption, Louisiana. (See Exhibit "A", ¶ 3). Pursuant to the Choice of Forum Agreement, Plaintiff acknowledged that it would not be inconvenient for him to bring any claims in a court located in Louisiana.

## II. ARGUMENT & AUTHORITIES

6. This Court has the discretion to transfer this action to a district where it could have been brought pursuant to 28 U.S.C. 1404(a), should it determine that it is in the interest of justice to do so. 28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." The facts of this cause of action, coupled with the attached Affidavit of Settoon's representative and Forum Agreement signed by the Plaintiff, establish that

venue of this case should be transferred to the United States District Court for the Eastern District of Louisiana.

## A. ENFORCEABILITY OF FORUM SELECTION CLAUSE

7.      Pursuant to this Honorable Court's decision in *Speed v. Omega Protein, Inc.*, 246 F.Supp.2d 668 (S.D. Tex. 2003), forum selection clauses should be enforced by a court sitting in admiralty unless it is shown that

> (1) enforcement of the clause would effectively prevent the plaintiff from having his day in court; (2) the forum-selection clause itself was produced by overreaching or fraud; or (3) the Court's enforcement of the forum-selection clause would violate a strong public policy.

*Id.*, at 672 (*citing MacPhail v. Oceaneering Int'l., Inc.*, 170 F.Supp.2d 718, 724 (S.D. Tex. 2001)).

8.      As respects the first issue, there is no evidence that transfer of this matter to Louisiana would prevent Plaintiff from having his day in court. The incident of which Plaintiff complains reportedly occurred approximately six months ago, and Plaintiff is free to pursue his claim in either Federal or state court in Louisiana.

9.      As to the second issue in the Court's analysis of forum-selection clauses, the Forum Selection Agreement was not obtained through fraud or overreaching. In *Speed*, this Court's analysis of this issue hinged upon the placement of the clause within the seaman's employment contract. According to this Court:

> burying the forum-selection clause in the Defendant's 2002 Fisherman's Operations and Safety Guide could indicate overreaching, especially considering the clause was located in such an unlikely place. However, the Court does not believe the forum-selection clause was procured by overreaching because Speed signed the one-page receipt, and the receipt contained the clause directly above his signature.

3

*Id.*, at 673.

10. The forum-selection agreement, a verified copy of which is attached hereto as Exhibit "A-1", was not "buried" in Settoon employment documents or otherwise made inconspicuous. Indeed, just the opposite is true. Specifically, the Forum Selection Agreement is set forth on a single piece of paper, is phrased in "plain English" and various segments are set forth in bold faced type. The Plaintiff signed the document just below the agreement. Pursuant to this Court's analysis in *Speed*, no fraud or overreaching exists which renders the forum selection unenforceable.

11. With respect to the public policy issue, this Court noted that "generally, a forum-selection clause is enforceable unless it 'contravene[s] a strong public policy of the forum in which suit is brought whether declared by statute or judicial decision.'" *Id.*, at 673 (*citing M/S BREMEN v. Zapata Of-shore Co.*, 407 U.S. 1, 11, 32 L.Ed. 2d 513 (1972). While recognizing the special protections generally afforded to seamen, this court held:

> the Fifth Circuit has held that forum-selection clauses are enforceable even in seaman's contracts. *See Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 221 (5th Cir. 19980; *see also Sabocuhan v. Geco-Prakla*, 78 F.Supp.2d 603, 606-07 (S.D. Tex. 1999). Thus, the judicial system's policy of protecting seamen, alone, is not enough to find that an otherwise enforceable forum-selection clause in a seaman's employment contract is valid.

*Id.*, at 673.

12. No public policy exists in Texas that precludes the enforcement of a forum-selection clause. If such public policy existed, then this Court's ruling in *Speed v. Omega Protein* would have been different. Accordingly, as forum selection agreements have been found to be enforceable in a seaman's action brought in Texas, the forum selection agreement signed

by Plaintiff in the present matter should be given great weight in this Court's transfer analysis under §1404(a).

## B. TRANSFER ANALYSIS UNDER 28 U.S.C. §1404(a)

13. This Court has previously ruled that when considering whether a transfer is warranted, the Court must consider the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum. See e.g., *Speed*, 246 F.Supp. at 672; *Henderson v. AT&T Corp.*, 918 F.Supp. 1059 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D. Tex. 1993); *Denson v. United States of America and Central Gulf Lines*, 99 F.Supp.2d 792, 794 (S.D. Tex. 2000). However, under *Speed*, when a forum selection clause has been found by the court to be enforceable, the forum selection clause enters into the analysis as follows:

> The forum-selection clause "provides some indication that the convenience of the parties would presumably be better served by transfer" to Louisiana. *Lafargue v. Union Pac. R.R.*, 154 F.Supp.2d 101, 1005 (S.D. Tex. 2001). Having determined that the forum-selection clause is enforceable, the Court begins its analysis with the presumption that a Louisiana forum will better serve the Parties' interests. *Elliott v. Carnival Cruise Lines*, 231 F.Supp.2d 555, 561 (S.D. Tex. 2002). Notwithstanding, the Court notes that such presumption alone is not sufficient for Defendant to carry its overall burden of showing that the lawsuit should be transferred. *Choice Equip. Sales, Inc. v. Captain Lee Towing, L.L.C.*, 43 F.Supp.2d 749, 754 (S.D. Tex. 1999).

*Speed*, 246 F.Supp.2d at 674.

14. As to the remaining factors for consideration in the transfer, this Court has, on numerous occasions, stated that the convenience of key witnesses ranks as the most important of

all factors in a motion to transfer venue. See *Continental Airlines v. American Airlines, Inc.*, 805 F.Supp. 1392, 1396 (S.D. Tex. 2001); *Denson*, 99 F.Supp.2d at 795. The witnesses who will likely testify to the facts surrounding the alleged injury are Plaintiff's fellow crewmembers that served on the M/V JARRED CENAC. These witnesses do not reside in the Southern District of Texas, but rather are located in Louisiana. (See Exhibit "A", ¶4). Thus, the Texas forum would pose a great inconvenience to these witnesses.

15. While this Court has found that the convenience of key witnesses who are employees of Defendant is "entitled to less weight because the party will be able to compel their testimony at trial," this is not the situation which exists in this case. *Continental Airlines*, 805 F.Supp. at 1397; *Dupre*, 810 F.Supp. at 825. Here, one of the key witnesses is no longer actively working for Defendant, and therefore, may not be within Defendant's authority to "compel their testimony." (See Exhibit "A", ¶ 5). Michael Gordon was the wheelman aboard the M/V JARRED CENAC, at or about the time of Plaintiff's alleged injury and is a key witness. However, Mr. Gordon is no longer actively working for Defendant and resides in Mathews, Louisiana.

16. Additionally, Plaintiff's original treating physicians are located and can be found in the Eastern District of Louisiana. Further, even Plaintiff resides in Louisiana. Likewise, all of Defendant's business records and books are kept and maintained in the Eastern District of Louisiana and not in Texas. (See Exhibit "A", ¶ 6). Therefore, transfer from the Southern District of Texas to the Eastern District of Louisiana would not result in "inconvenience shifting" for the parties or witnesses, as this Court has often considered when ordering a transfer of venue. *Dupre*, 810 F.Supp. at 823.

17.     Another factor which this Court has found to be important when evaluating a motion to transfer venue is the location of the alleged wrong. *Dupre,* 810 F.Supp. at 832; *Denson,* 99 F.Supp. at 796. Undeniably, Plaintiff's "alleged wrong" did not occur in the Southern District of Texas. Plaintiff has alleged that he was injured on February 8, 9 or 10, 2004. *See Plaintiff's Original Complaint.* On these dates, the vessel upon which Plaintiff was working was located in waters off the coast of Louisiana. See Exhibit "A", ¶ 4). Thus, the incident giving rise to Plaintiff's claims has absolutely no substantive connections with the Southern District of Texas. Accordingly, as the residents of the Galveston Division have no more than a passing interest in the outcome of this litigation, transfer is strongly supported.

18.     One final element which this Court has found crucial in determining whether transfer is appropriate under 1404(a) is the possibility of delay or prejudice if the case is transferred. *Bigham and KNB Holdings, Ltd. v. Envirocare of Utah, Inc.,* 123 F.Supp.2d 1046, 1051 (S.D. Tex. 2000). Transfer out of the Southern District of Texas to a more appropriate district will not result in any unreasonable delay. Specifically, discovery in this matter has only recently commenced, and it is not scheduled to be completed until May 6, 2005. Trial is not set until May 23, 2005. Further, as all parties and the majority of witnesses appear to be in Louisiana, transferring this case will not result in delay or prejudice. Therefore, ordering a transfer to the proper district will not cause irreparable harm, nor will it prevent an expeditious and cost-efficient handling of the case. In fact, in light of the circumstances, transferring this case is the most expeditious and cost-efficient means of handling this case.

WHEREFORE, PREMISES CONSIDERED, based upon the foregoing, Defendant respectfully requests that this Court enter an Order granting Defendant's Motion to Transfer

Venue, and for such other and further relief, at law and in equity, to which Defendant may be justly entitled.

                                          Respectfully submitted:

                                          SUSAN D. NOE
                                          ATTORNEY-IN-CHARGE
                                          State Bar No.: 15055025
                                          1221 McKinney, Suite 2900
                                          Houston, Texas 77010
                                          Telephone: 832-214-3900
                                          Facsimile: 832-214-3905

                                          ATTORNEY-IN-CHARGE FOR
                                          DEFENDANT SETTOON TOWING, LLC

**OF COUNSEL:**

**COZEN O'CONNOR**
Deborah T. Busby
State Bar No.: 00785736
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: 832-214-3900
Facsimile: 832-214-3905

## CERTIFICATE OF CONFERENCE

I hereby certify that we have conferred with counsel for the Plaintiff regarding the foregoing motion, and counsel for Plaintiff has noted that he is opposed to the filing of same.

_____
Susan D. Noe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Settoon Towing, LLC's Opposed Motion to Transfer Venue has been forwarded to all known counsel of record as indicated below, in accordance with the Federal Rules of Civil Procedure on this _10th_ day of September, 2004.

Francis I. Spagnoletti                                                                       *Via CMRRR*
Michael W. Hogue
SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas  77002

COUNSEL FOR PLAINTIFF

_____
Susan D. Noe

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JASON F. PARFAIT | § | C.A. NO. G-04-215 |
| | § | |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of the |
| SETTOON TOWING, LLC | § | Federal Rules of Civil |
| | § | Procedure – ADMIRALTY |

### AFFIDAVIT OF APRIL GRANGER

STATE OF LOUISIANA §
　　　　　　　　　　　§
PARISH OF _Terrebonne_ §

April Granger, being duly sworn deposes and states:

1. I am the Personnel Manager for Settoon Towing, LLC (hereinafter "Settoon"), and I am over 21 years of age and am fully competent to make this affidavit. This affidavit is based upon my personal knowledge and on the records kept by Settoon in the ordinary course of its business.

2. This affidavit is respectfully submitted in support of Settoon's Motion to Transfer Venue pursuant to 28 U.S.C. 1404(a).

3. Attached hereto as Exhibit "A-1" is a true and correct copy of the Choice of Forum Agreement signed by Jason Parfait on January 3, 2003. This document is prepared, utilized and maintained by Settoon in the regular course of its business.

4. I have reviewed the business records of Settoon, which are prepared, utilized and maintained by Settoon in the regular course of Settoon's business; specifically, the logs of the M/V JARRED CENAC, Settoon vessel payroll roster and personnel files of the other Settoon employees who served with Jason F. Parfait on February 8 and 9, 2004. The aforesaid records establish the following:

    (A) During the time period of February 5 – 9, 2004, Plaintiff worked aboard the JARRED CENAC.

    (B) On February 8 and 9, 2004, the M/V JARRED CENAC was working on the inland coastal waters of the State of Louisiana.

10

# EXHIBIT A

    (C)    Plaintiff did not work aboard any vessels on February 10, 2004, and was ashore on his regularly scheduled week off.

    (D)    On February 8 and 9, 2004, the following individuals were crewmembers aboard the JARRED CENAC:

Relief Captain Roland Bennett  
P.O. Box 2795  
Morgan City, Louisiana 70381

Wheelman Michael Gordon  
P.O. Box 338  
Mathews, Louisiana 70375

5. At the present time, Michael Gordon is not active in his employment with Settoon, and Settoon has no control over his participation in the present litigation.

6. All of Settoon's business records and books are kept and maintained in the Settoon offices, located in Pierre Part and Houma, Louisiana.

7. Further affiant sayeth naught.

_____  
April Granger, Personnel Manager  
Settoon Towing, LLC

SWORN TO AND SUBSCRIBED, before me by the said April Granger on this the 30 day of August, 2004.

_____  
Notary Public, in and for LA-8417  
the State of Louisiana

My Commission  
Expires: Death

11



## SETTOON TOWING, L.L.C.

*Tug & Barge Rentals*

P.O. BOX 279 — 1081 HWY. 70
PIERRE PART, LA 70339-0279
TELEPHONES   AREA CODE (504)
OFFICE   252-4499
FAX   252-0000

## CHOICE OF FORUM AGREEMENT

In the event a dispute arises during my employment or that I am injured in the course and scope of my employment with <u>SETTOON TOWING, L.L.C.</u> (hereinafter collectively called " <u>COMPANY</u> ") , then I specifically agree that I will only bring suit in one of the following courts:

(1) In the United States District Court for the Eastern District of Louisiana, or such other federal court located in Louisiana where venue is otherwise proper; or

(2) In the 23 Judicial District Court for the Parish of ASSUMPTION, State of Louisiana, or such of judicial district court located in the State of Louisiana where venue otherwise proper under the Louisiana Code of Civil Procedure.

**I SPECIFICALLY AGREE THAT I WILL NEVER FILE A SUIT FOR PERSONAL INJURY AGAINST <u>SETTOON TOWING,L.L.C.</u> IN A STATE OF FEDERAL COURT LOCATED OUTSIDE THE STATE OF LOUISIANA, INCLUDING THE STATE OF TEXAS.**

I acknowledge that it will not be inconvenient for me to bring my claims in a court located in Louisiana. In the event that I am killed or sustain fatal injuries during the course and scope of my employment with <u>COMPANY</u>, this agreement shall be binding on my heirs, the personal representative of my estate, and all other persons entitled to make a claim against <u>COMPANY</u> as a result of my death or injury.

I have signed this agreement of my own free will, and have not been coerced or pressured into signing this agreement.
<u>ACCEPTANCE</u>

WITNESSES: *[signatures]*

DATE: 6-26-02

*[signature]*
EMPLOYEE SIGNATURE

Jason Floyd Parfait
NAME PRINTED

**EXHIBIT A-1**